UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANNE WEISE,

                            Plaintiff,

v.

FORD MOTOR COMPANY, and
UAW LOCAL 897,

                            Defendants.

**REPORT
and
RECOMMENDATION**

07-CV-423A(F)

---

APPEARANCES:        RICHARD H. WYSSLING, ESQ.
                               Attorney for Plaintiff
                               375 Linwood Avenue
                               Buffalo, New York 14209

                               SCHRÖDER, JOSEPH & ASSOCIATES LLP
                               Attorneys for Defendant Ford Motor Company
                               M. ROGAN MORTON, of Counsel
                               766 Ellicott Street
                               Buffalo, New York 14203

                               CREIGHTON, PEARCE, JOHNSEN & GIROUX
                               Attorneys for Defendant UAW Local 897
                               JONATHAN G. JOHNSEN, of Counsel
                               560 Ellicott Square Building
                               295 Main Street
                               Buffalo, New York 14203

      This action was referred to the undersigned by Honorable Richard J. Arcara on November 20, 2007. The matter is presently before the court on motions to dismiss filed by Defendant UAW Local 897 on October 3, 2008 (Doc. No. 16), and by Defendant Ford Motor Company on October 28, 2008 (Doc. No. 17).

On June 28, 2007, Plaintiff Anne Weise ("Plaintiff" or "Weise"), commenced this employment discrimination action against Defendants Ford Motor Company ("Ford"), and UAW Local 897 ("the Union") (together, "Defendants"), in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and New York Human Rights Law, New York Executive Law § 290 *et seq.* In particular, Plaintiff alleges she was unlawfully terminated from her employment because of a disability.

Plaintiff, who commenced working for Ford on August 7, 1995, sustained injuries in a workplace accident on November 21, 2002. Plaintiff returned to work with medical restrictions which Ford accommodated, although Plaintiff maintains she was subjected to harassments from co-workers and supervisors because of her disability. Although Plaintiff complained of the harassment to her supervisors and the Union, neither Defendant took steps to alleviate the harassment. On January 25, 2006, Ford terminated Plaintiff's employment. Plaintiff alleges Ford employees with less seniority occupy the position she held immediately prior to her termination, and that the Union refused to grieve Plaintiff's unlawful termination.

On July 25, 2006, Plaintiff filed a discrimination charge against Ford and the Union with the Equal Employment Opportunity Commission ("EEOC"), who, on March 30, 2007, issued a determination that it was "unable to conclude that the information obtained establishes violations of the statute," and advising Plaintiff of her right to commence legal action within 90 days of receipt of the notice. It is undisputed that Plaintiff received the notice on April 2, 2007.

Plaintiff timely commenced the instant action on June 28, 2007. As such, the last day on which to timely serve the Summons and Complaint was Friday, October 26,

2

2007. Both Defendants, however, were not served until Monday, October 29, 2007. Plaintiff's failure to timely serve the Complaint was the basis for motions to dismiss filed by the Union on November 26, 2007 (Doc. No. 4), and by Ford on December 21, 2007 (Doc. No. 9). The Union also moves to dismiss the action as untimely filed because Plaintiff did not commence the action within the six-month limitations period applicable to a claim for breach of duty of fair representation. On January 22, 2008, Plaintiff filed papers in opposition to the motions to dismiss (Doc. No. 10), and replies in further support of their motions were filed by Ford on February 5, 2006 (Doc. No. 11), and by the Union on February 6, 2006 (Doc. No. 12).

On June 28, 2007, the same day the instant action was filed, two actions involving the same defendants were filed in this court, *Smith v. Ford Motor Company*, 07-CV-422S ("*Smith*"), and *Morris v. Ford Motor Company*, 07-CV-424S ("*Morris*"), alleging similar facts and identical claims to those in the instant action. Both *Smith* and *Morris* are before Honorable William M. Skretny. In both *Smith* and *Morris*, the Summons and Complaint were also served on Monday, October 29, 2007, and the untimely service was the basis of motions to dismiss filed by the Union on November 16, 2007 (*Smith*, Doc. No. 4; *Morris*, Doc. No. 4), and by Ford on December 21, 2007 (*Smith*, Doc. No. 8; *Morris*, Doc. No. 9). The Union also argued for dismissal on the ground that the action was commenced after the six-month statute of limitations governing claims for breach of duty of fair representation had expired.

On September 30, 2008, the undersigned, based on communications received by the parties requesting the court hold in abeyance the motions to dismiss, filed in the instant action, pending Judge Skretny's decisions on the similar motions filed in *Smith*

and *Morris*, dismissed the motions without prejudice to refiling after Judge Skretny's decisions. Before Judge Skretny ruled on the pending motions in Smith and Morris, however, the Union, on October 3, 2008, refiled its motion to dismiss (Doc. No. 16) ("the Union's motion"), supported by the attached Declaration of Jonathan Johnsen, Esq. ("Johnson Declaration"), and Memorandum of Law in Support of Motion to Dismiss by Defendant UAW Local 897 ("Union's Memorandum"). On October 28, 2008, Ford refiled its motion to dismiss (Doc. No. 17) ("Ford's motion"), supported by the attached Memorandum in Support of Defendant Ford Motor Company's Motion to Dismiss ("Ford's Memorandum"), and the Affidavit of Abigail J. Politzer, Esq. ("Politzer Affidavit").

In the motions to dismiss filed by Defendants in the instant action, as in *Smith* and *Morris*, Defendants requested dismissal of the complaint because the Summons and Complaint were not served within 120 days of the filing of the Complaint, as required by Fed. R. Civ. P. 4(m). In opposition to the motions to dismiss, Plaintiff consistently argued that good cause existed for Plaintiff's failure to effect service within the statutorily allotted 120 days, requiring the court to extend the time fore service and, alternatively, even absent good cause, the court should, pursuant to Rule 4(m), exercise its discretion to extend the time for service.

On August 7, 2009, Judge Skretny issued decisions on the motions to dismiss pending in both *Smith* (Doc. No. 16), and *Morris* (Doc. No. 17), determining that although Plaintiff failed to establish good cause for the untimely service of the Summons and Complaint, which would have required the court extend the time for service, three of the four factors relevant in considering whether, in the exercise of its

4

discretion, the court should extend the time for service, weighed in favor of granting the extension. *Smith*, at 4-8; *Morris*, at 4-8. In particular, Judge Skretny determined that (1) the applicable statute of limitations would bar any refiled action; (2) because the claims asserted against Ford and the Union were previously alleged in the EEOC charge, both Defendants had actual notice of the factual and legal basis of the claims set forth in the Complaint; and (3) neither Defendant had asserted any prejudice based on a delay in service of a single business day. *Id*. The sole factor weighing in Defendants' favor was the absence of any indication that either Defendant had attempted to avoid service or to conceal a defect in service. *Id*. With regard to the Union's request that the actions be dismissed because they were not commenced within the six-month limitations period governing claims of breach of duty of fair representation, Judge Skretny held that the three-year statute of limitations governing anti-discrimination claims, including claims under the ADA, rather than the six-month statute of limitations governing breach of duty claims, controls. *Morris*, at 9-10 (citing *Agosto v. Correctional Officers Benevolent Ass'n*, 107 F.Supp.2d 294, 304 (S.D.N.Y. 1995), *aff'd*, 100 F.3d 944 (2d Cir.), *cert. denied*, 519 U.S. 835 (1996)); *Smith*, at 9-10 (*Id*.).

The undersigned finds the legal analysis in *Smith* and *Ford*, and the authorities cited therein, both relevant and persuasive. Accordingly, for the same reasons discussed in *Smith* and *Ford*, both the Union's motion (Doc. No. 16) and Ford's motion (Doc. No. 17), should be DENIED.

Respectfully submitted,

/s/*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September  1 , 2009
           Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondent.

SO ORDERED.

/s/*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 1, 2009
	Buffalo, New York